Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1540 | **DATE** | 3/8/2001 |
| **CASE TITLE** | USA vs. Donald Smith | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. In sum, Smith's Section 2255 motion carries its own death warrant. In the language of Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, "It plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." Accordingly, as directed by the same rule, the motion and this action are summarily dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 09 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 3/8/2001 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 01 C 1540 |
| DONALD SMITH, | ) ) ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

This Court has just been assigned the 28 U.S.C. §2255[1] motion of Donald Smith ("Smith") to vacate, set aside or correct the 40-year custodial sentence imposed on him back in September 1987 (sic) by this Court's then colleague Honorable Nicholas Bua. Because Judge Bua has long since left the bench (he resigned from this District Court effective November 4, 1991), the delivery of Smith's motion to this Court's calendar has taken place via this District Court's usual at-random assignment system. This memorandum opinion and order is issued sua sponte because the motion itself shows that it is untimely brought--an incurable flaw.



MAR 09 2001

It is unnecessary for present purposes to go into the bulk of the 20-page Memorandum of Law (cited "Mem."), prepared by Smith's experienced counsel, that accompanies his three-page motion--a memorandum that in part provides a detailed recital of

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

the circumstances surrounding the offenses of conviction of Smith and his codefendants (Mem. 2-7) and of the circumstances of Smith's sentencing in absentia (he fled after the jury returned its guilty verdict and before his scheduled sentencing date, Mem. 8). Nor is it necessary to address either the comparative sentences that Judge Bua imposed on Smith and his codefendants (Mem. 9-14) or the substantive merit or lack of merit of Smith's claims of constitutional deprivation (Mem. 16-20). Instead it is clear that the initial--and indeed the only--focus of attention must be on the motion's timeliness or untimeliness, a subject to which Smith's able counsel has devoted only the sketchiest of attention occupying just three-fourths of a page (Mem. 20).

As Smith's counsel recognizes, the 1996 amendment to Section 2255 changed the law dramatically by introducing a one-year statute of limitations measured from the latest of four dates:

>    (1) the date on which the judgment of conviction becomes final;
>
>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

2

Mem. 20 correctly acknowledges that only the fourth of those alternatives gives Smith any possible opening for habeas-type relief at this late date, more than 13 years after he was convicted and sentenced.

But the fundamental error in Smith's position in that respect is that the exercise of "due diligence"--the operative standard under that fourth alternative--is not to be viewed from the perspective of the time when Section 2255 was amended in 1996, let alone the even later date when the motion has been filed. If any such rule were operative, someone who had been sentenced (say) 30 or 40 years ago to a life sentence could file a motion today and urge--just as Smith does here--that he or she now has no access to the facts required to determine whether his or her constitutional rights were violated that long ago (for example, because significant parts or all of the record may have been lost or destroyed), so that a hearing is needed to determine those facts.[2]

Instead the due diligence branch of the Section 2255 formulation must be measured in the same way that due diligence requirements are always measured: from the date when the party on whom the burden of demonstrating such diligence knows or has

---

[2] Under that scenario, if a movant waits long enough the potential for a meaningful hearing could be totally frustrated. What then? Free the movant because of his own delinquency in presenting the motion?

3

reason to know (the concept of inquiry notice) of the injury about which he or she complains. As our Court of Appeals has said in <u>Owens v. Boyd</u>, 235 F.3d 356, 359 (7th Cir. 2000) (numerous citations omitted) of the comparable "due diligence" requirement in Section 2244(d)(1)(D), which sets out in the selfsame terms the fourth alternative among the same set of four exceptions to a one-year limitation period for habeas petitions by state prisoners:

> First, the time commences when the factual predicate "could have been discovered through the exercise of due diligence," not when it was actually discovered by a given prisoner. Second, the trigger in §2244(d)(1)(D) is (actual or imputed) discovery of the claim's "factual predicate," not recognition of the facts' legal significance. Most federal statutes of limitations are injury-based. Unlike some state systems, which start the time only when a party knows (or should recognize) that a legal wrong has been done, federal statutes use objective indicators as triggers. Section 2244(d)(1)(D) follows the norm for a federal statute of limitations. Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance. If §2244(d)(1) used a subjective rather than an objective standard, then there would be no effective time limit, as [movant's] case illustrates.

And see, e.g., on still another (though wholly comparable) facet of habeas jurisprudence involving the same "due diligence" requirement, such cases as <u>Woratzeck v. Stewart</u>, 118 F.3d 648, 651-52 (9th Cir. 1997) and <u>In re Magwood</u>, 113 F.3d 1544, 1548

4

(11th Cir. 1997)(per curiam).[3]

In this instance the due diligence clock began to tick on the very date on which Smith's sentence was imposed by Judge Bua (the sentence that Smith now claims, and could equally well have claimed right then, was unconstitutionally excessive and disparate). Indeed, it will be remembered that Judge Bua remained on this District Court for fully four years after Smith was sentenced. There was nothing to prevent Smith from pursuing during that period (or for that matter, from asserting even shortly after Judge Bua's departure) what Smith now claims, <u>and what he could equally have claimed then</u>, was the unconstitutionality of his sentence--nothing, that is, except Smith's own flight from justice. And Smith cannot be permitted to extend Section 2255's statutory time limit as some kind of reward for his choosing to become a fugitive at the very time that his obligation to exercise due diligence arose.

In sum, Smith's Section 2255 motion carries its own death warrant. In the language of Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, "it plainly appears from the face of the motion and any annexed

---

[3] Although both of those cases address the appropriateness of filing a second or successive habeas petition attacking a state conviction, the language that they construe (in Section 2244(b)(2)(B)(i)) is right on point ("the factual predicate for the claim could not have been discovered previously through the exercise of due diligence").

exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." Accordingly, as directed by the same rule, the motion and this action are summarily dismissed.

Milton I. Shadur
Senior United States District Judge

Date: March 8, 2001