## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1540 | **DATE** | 12/19/2002 |
| **CASE TITLE** | USA vs. Donald Smith | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Accordingly, unless the government is able to provide a better presentation than it has up to now in opposition to Smith's current motion by a filing in this Court's chambers on or before January 6, 2003, this Court is prepared to issue an order vacating Smith's sentence and requiring his transfer from his present place of confinement to this judicial district for the fresh imposition of sentence.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | DEC 20 2002 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 12/19/2002 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| SN | courtroom deputy's initials | SN mailing deputy initials | |

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
      v.                        )   No. 01 C 1540
                                )   (87 CR 17)
DONALD SMITH,                   )
                                )
            Defendant.          )

## MEMORANDUM OPINION AND ORDER

As reflected in its three-page November 26, 2002 memorandum ("Memorandum"), this Court has inherited via random assignment the successive efforts by Donald Smith ("Smith") to overturn the 40-year custodial sentence that was imposed on him back in September 1987 by this Court's late colleague, Honorable Nicholas Bua. Near the conclusion of the Memorandum, this Court advised Smith of his available alternatives "either (1) to withdraw his current motion because it may be deemed a Section 2255 motion or (2) to adhere to his present Rule 35 label."[1] And the Memorandum then concluded by stating that in the absence of an affirmative choice as between those alternatives on Smith's part, "this Court will take him at his present word and will deal with the motion as having been brought under Rule 35."

Just before the specified December 16 due date for Smith's submission, he filed his Reply to Government's Response that

---

[1] Like the Memorandum, this opinion will refer to 28 U.S.C. §2255 as "Section 2255" and to any provision of the Federal Rules of Criminal Procedure as "Rule --."

indeed approaches the issue from the perspective of former Rule 35(a), which in its incarnation at the time of Smith's sentencing imposed no temporal limit as to when a court was authorized to "correct an illegal sentence." And Smith has done his homework well, for he adduces substantial caselaw to support the proposition that a sentencing in absentia is in fact an illegal sentence (to choose only a few of those cases, see, e.g., United States v. Faulks, 201 F.3d 208 (3d Cir. 2000) and United States v. Taylor, 11 F.3d 149 (11th Cir. 1994)(per curiam)).

As Faulks, 201 F.3d at 209, 211 has said:

> In our view, the notion that the sentencing court must "eyeball" the defendant at the instant it exercises its most important judicial responsibility, whose daunting character has not been eliminated by the Sentencing Reform Act and the Sentencing Guidelines, is far from a formality. Rather, it is the embodiment of a value deeply embedded in our polity (and our jurisprudence).
>
>    *   *   *
>
> Thus, Rule 43's requirement that the defendant be present at the imposition of sentence is not a meaningless formality. Rather, as we have observed supra at page 3, it is a fundamental procedural guarantee that places the defendant before the judge at a culminating moment of the criminal judicial process.

And Taylor, 11 F.3d at 151 has been even more specific in embedding the Rule 43(a) and Rule 32(a) requirements in constitutional soil:

> A defendant has the right to be present "at the imposition of sentence," Fed. R. Crim. P. 43(a), and before imposing sentence the court must "address the defendant personally and determine if the defendant wishes to make a statement...." Fed. R. Crim. P.

32(a)(1)(C). This right to be present and speak is constitutionally based.

Hence the Memorandum's original acceptance of the distinction advanced by the government to the contrary cannot be sustained. Instead this Court accepts Smith's position that former Rule 35(a) would have been available to require a resentencing in his presence. But that does not necessarily entitle Smith to relief here for a different reason. As Taylor, 11 F.3d at 151 (footnote omitted) has said, a criminal defendant seeking such relief has two paths open to that destination--either Rule 35(a) or Section 2255:

> Though Taylor brought his challenge under §2255, it could have been treated as a motion to correct an illegal sentence under Rule 35 of the Federal Rules of Criminal Procedure. Hill v. United States, 368 U.S. 424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962) (section 2255 motion to vacate sentence could be considered Rule 35 motion to correct an illegal sentence); United States v. Cevallos, 538 F.2d 1122, 1127 (5th Cir. 1976).

In this instance Smith initially chose to file a Section 2255 motion to obtain a resentencing on the same ground that he currently advances. And as Memorandum at 1 reflects, this Court properly dismissed that motion on March 8, 2001 "as long since outlawed by the statutory time limit enacted in 1996."

If Smith were represented by counsel, this Court would have no hesitation in holding that earlier choice by Smith to travel the Section 2255 route to have been an election that resulted in a forfeiture of his ability to call upon a Rule 35(a) remedy now

3

(notwithstanding the absence of any time limitation in that Rule). But under the circumstances of Smith's pro se status, this Court is loath to treat his mistaken (because belated) attempt to invoke Section 2255 as depriving him of what a number of Courts of Appeals have labeled such a fundamental right.[2]

Accordingly, unless the government is able to provide a better (and ultimately more persuasive) presentation than it has up to now in opposition to Smith's current motion by a filing in this Court's chambers on or before January 6, 2003,[3] this Court is prepared to issue an order vacating Smith's sentence and requiring his transfer from his present place of confinement to this judicial district for the fresh imposition of sentence. This Court awaits the government's response (which may of course

---

[2] To this Court's knowledge, our own Court of Appeals has not spoken to the issue.

[3] To this point, for example, the government has not adduced persuasive authority holding that Smith's flight before the date that Judge Bua had set for his sentencing forfeited (not waived, of course) his right to challenge the imposition of sentence in absentia. In that respect, Smith has filed an affidavit asserting that he fled because both the leader of the drug conspiracy in which he was involved and one of the codefendants in his case (a since-deceased "enforcer" for the conspiracy's leader) had made several threats during his trial to harm or kill him ("you had better get out of Chicago and stay out and if you come back, I'll break every bone in your body and throw you in a sewer") and to harm his family.

4

take the form of acceding to that procedure).

_____
Milton I. Shadur
Senior United States District Judge

Date: December 19, 2002